See, also, 287 F.Supp.2d 167.

---

**EXCELLUS HEALTH PLAN, INC., Plaintiff,**

v.

**Daniel T. TRAN, et al., Defendants.**

**No. 03–CV–0095C(F).**

United States District Court, W.D. New York.

May 25, 2004.

Thomas E. Schofield, Magavern, Magavern & Grimm, Rebecca Ritchie, Buffalo, NY, Richard D. Raskin, Scott D. Stein, Sidley Austin Brown and Wood, Chicago, IL, for Plaintiff and Counter–Defendant.

Timothy J. Graber, Gibson, McAskill & Crosby, Jeremiah J. McCarthy, Phillips Lytle LLP, Buffalo, NY, for Defendants.

Paul David Weiss, Bartlo, Hettler & Weiss, Kenmore, NY, for Defendant, Cross–Claimant and Counter–Claimant.

Lisa A. Coppola, Rupp, Baase, Pfalzgraf, Cunningham & Coppola LLC, Buffalo, NY, for Defendant, Cross–Defendant and Counter-Claimant.

Anthony J. Colucci, III, Colucci & Gallaher, P.C., John P. Freedenberg, Goldberg Segalla LLP, Buffalo, NY, for Defendant and Counter–Claimant.

Michael R. McGee, McGee & Gelman, Buffalo, NY, for Movant.

CURTIN, District Judge.

In a decision and order dated November 20, 2003 (Item 132), this court granted in full the motions of plaintiff Excellus Health Plan, Inc. ("Excellus") to compel production of documents by non-parties Independent Health Association, Inc. ("IHA") and HealthNow New York Inc. ("HealthNow"), in response to subpoenas served on May 2, 2003. In accordance with the directives of that order, on January 7 and 8, 2004, plaintiff's counsel Scott Stein conducted a court-supervised *in camera* review of the documents as to which IHA and HealthNow have asserted trade secret or confidentiality concerns as grounds for objection to the subpoena. Mr. Stein subsequently submitted to the court a declaration identifying the information contained in the documents believed to be relevant and necessary to the case, and reiterating plaintiff's position with respect to whether its local counsel from the law firm of Magavern, Magavern & Grimm should be allowed access to the documents (Item 139). Counsel for IHA and HealthNow have responded by affidavit, declaration, and memorandum (Items 145, 156, 157), and the court has now reviewed all pertinent submissions.

Based on that review, I find that Mr. Stein has sufficiently articulated the relevance and necessity of the *in camera* documents for the purpose of advancing discovery in this case. I also find that neither IHA nor HealthNow has demonstrated how this interest is outweighed by any significant harm that would occur to their business interests as the result of disclosure of the *in camera* documents within the strictly defined parameters of the protective order already in place.

For example, instead of identifying any specific information in the *in camera* documents that might aid the court in resolving the matter, IHA simply asserts in its memorandum of law that the parties do not dispute the confidentiality of the commercial infor-

mation contained in those documents, and that disclosure of such information to competitors such as Excellus and HealthNow is "presumptively" harmful (Item 156, p. 5) (citing *Cmedia, LLC v. Lifekey Healthcare, LLC,* 216 F.R.D. 387, 391 (N.D.Tex.2003)) (allowing production of certain confidential business information subject to protective order restricting disclosure to attorneys and independent experts involved in the litigation). According to IHA, if allowed access to this information, competitors would be able to gain an unfair advantage in the health insurance market by tailoring their relationships with physicians "based on the knowledge of the *existence of variations* in [IHA's] relationships with its physicians and the *specific terms* thereof (practice guidelines, fee schedules, capitation, incentive arrangements and administrative provisions, etc.)" (Item 156, p. 5). IHA also claims that disclosure of this information to the defendant physician LLPs "would seriously undermine [its] ability to negotiate with them" (*id.* at p. 6).

Somewhat more specifically, HealthNow asserts that its *in camera* documents "detail various HealthNow business strategies and operation, and include contracts and related correspondence between HealthNow and its providers, as well as various payment formulas ..., methodologies, ... cost comparisons, and other highly sensitive materials" (Item 145, Kopit Decl., ¶ 3). HealthNow contends that disclosure of this information "would enable Excellus to gain an inappropriate competitive advantage" (*id.*).[1]

These legitimate confidentiality concerns are appropriately and adequately addressed by the court's protective order, which provides as follows:

> A [p]arty or non-party may ... designate any documents, materials, items, testimony or information produced or provided by the party or nonparty as "Confidential—Counsel Only." ... [U]n-

---

1. The remainder of the 24–page declaration of William G. Kopit, non-party HealthNow's antitrust counsel, is primarily devoted to the argument that HealthNow has at all pertinent times acted in a manner consistent with its unilateral business interest in maintaining an ongoing relationship with Promedicus physicians—conduct which is encouraged, not prohibited, by the anti-

trust laws (*see generally* Item 145, Kopit Decl.). While compelling, this argument is best reserved for briefing and argument on the parties' substantive dispositive motions, after discovery has more fully flushed out the facts to be considered in determining the complicated legal issues at stake in this matter.

der no circumstances shall any documents stamped "Confidential—Counsel Only" be shown to any individual party or employee of any party, including in-house counsel. . . . The designations of "Confidential—Counsel Only" should be reserved for those materials that are competitively sensitive, such as pricing information and contract terms.

(Item 64, ¶¶ 6–7) (emphasis added). Of course, violations of the protective order's provisions are subject to the full range of sanctions available pursuant to the Federal Rules of Civil Procedure and the inherent power of the court. *See generally Blum v. Schlegel,* 1996 WL 925921 (W.D.N.Y.1996), *aff'd,* 108 F.3d 1369 (2d Cir.1997).

Finally, the court rejects the health plans' argument that the protective order is inadequate because it allows plaintiff's local counsel, the Magavern law firm, access to provider agreements and other documents containing confidential, "competitively sensitive" information. There has been no showing that any of the attorneys at the Magavern firm are involved in Excellus's competitive decision making process, and no factual basis or legal argument has been advanced to otherwise support the health plans' efforts to screen plaintiff's Magavern counsel from access to relevant evidence. Indeed, barring access would effectively disqualify Magavern counsel from their representation of plaintiff in this case, causing unfair prejudice to plaintiff by denying its choice of local counsel who are undeniably qualified and most knowledgeable about the issues in this case and in the other related matters being litigated by the same parties.

For these reasons, and for the reasons set forth at further length in the court's previous orders dealing with this matter, IHA's and HealthNow's objections to the document production directed by the non-party subpoenas are overruled in full. For the present, the documents submitted to the court shall remain in the court's custody. Plaintiff's Magavern counsel shall contact the court to arrange for review and copying. Upon completion of these procedures, plaintiff's counsel shall notify the producing entities so that the documents can be retrieved.

So ordered.